UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAWID JERZY WROBEL,<br>Petitioner,<br>v.<br>WARDEN OF THE CALIFORNIA CITY DETENTION FACILITY, et al.,<br>Respondents. | Case No. 1:26-cv-04990-JLT-HBK (HC)<br>ORDER DIRECTING SUPPLEMENTAL BRIEFING<br>FOURTEEN-DAY DEADLINE |

Petitioner, an immigration detainee in U.S. Immigration and Customs Enforcement (ICE) custody at the California City Detention Facility in California City, California, is proceeding pro se on his petition for writ of habeas corpus under 28 U.S.C. § 2241 challenging his prolonged detention without a bond hearing. (Doc. 1, "Petition").

On July 27, 2026, Respondents filed a motion to dismiss the Petition as successive and an abuse of the writ because Petitioner previously filed a habeas petition raising the same claims, which was denied (*Wrobel v. Warden, Krome Processing Center, et. al.*, Case No. 26-21992-DMM (S.D. Fl. Apr. 28, 2026)). (Doc. 9). Petitioner did not file a reply. (*See* docket).

Upon review of the Petition, the motion to dismiss, and relevant case law, the Court is preliminarily inclined to find the Petition is not barred by abuse of the writ in light of intervening authority from the Ninth Circuit and Eleventh Circuit rejecting the relevant interpretation of § 1225(b)(2), and holding that noncitizens, like Petitioner, who are apprehended in the interior of

the United States are subject to discretionary detention under § 1226(a). *Rodriguez Vasquez v. Bostock*, 183 F.4th 1160, 1165 (9th Cir. 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258 (11th Cir. May 6, 2026).

In this instance, the Court would proceed to consider the merits of the Petition. However, Respondents failed to offer any relevant argument as to the merits, nor did they comply with the Order directing response to the Petition, including, in their entirety, all documents necessary to resolve the issues presented, including all relevant portions of Petitioner's A-file and, if provided to Petitioner: (a) Form I-213, Record of Deportable/Inadmissible Alien, (b) Form I-862, Notice to Appear; (c) Form I-220A, Order of Release on Recognizance; (d) Form I-286, Notice of Custody Determination; (e) any document authorizing parole; and (f) any and all available records documenting and/or detailing the nature of any alleged violations of supervised release as to Petitioner.

Accordingly, IT IS ORDERED:

1. Within fourteen (14) days of this Order, Respondents shall file supplemental briefing responding to the merits of the claim asserted in the Petition. Respondent shall address the specific statutory authority for Petitioner's detention and the status of his removal proceedings.
2. Within seven (7) days after service of Respondents' supplemental briefing, Petitioner may file a reply.

Dated: October 2, 2026

Helena M. Barch-Kuchta
HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE